UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCARLETT LOPEZ,

Plaintiff,

v.

DAKOTA RAMSEUR,

Defendant.

No.  2:26-cv-00054-DJC-SCR

ORDER

Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP"), including a statement of income and expenses, and declares an inability to pay the costs of these proceedings.  *See* 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP is granted.  However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

I.  SCREENING

A.    Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil

1

Procedure.  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

2

to amend, unless the complaint's deficiencies could not be cured by amendment.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.      The Complaint

Plaintiff's complaint is one page and does not comply with Rule 8.  Plaintiff alleges that Defendant conspired "by having ex parte communication."  ECF No. 1.  Plaintiff states this violates due process.  Plaintiff asserts there is federal jurisdiction, but does not allege the basis for jurisdiction.  Plaintiff requests at least $500,000 in damages.

C.      Analysis

The complaint does not sufficiently plead a basis for federal jurisdiction.  Plaintiff merely alleges "jurisdiction under federal law."  ECF No. 1.  There is also a reference to due process, so it may be that Plaintiff is attempting to assert a claim under 42 U.S.C. § 1983.  Plaintiff does not have a claims/causes of action portion of her complaint, and no federal claim is clearly alleged.  If Plaintiff is asserting a claim under § 1983, she must describe the constitutional or federal statutory right allegedly infringed.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).  The elements of a claim under § 1983 are: 1) that the defendants were acting under color of state law; and 2) that defendants deprived plaintiff of rights secured by the Constitution or federal statutes.  *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021).  Plaintiff has not sufficiently alleged that defendant is a state actor or acting under color of state law.  Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).

Plaintiff's complaint does not allege that venue is proper in this District.  Plaintiff's address is in Arkansas and Plaintiff provides no information about where Defendant resides.  Plaintiff's complaint is lacking in factual content.  The role of the parties is not clear, when or how they interacted, or how Plaintiff was allegedly injured.  Plaintiff appears to allege one date, but it is mistyped as "101013/2022".  Plaintiff makes reference to an "ex parte communication," so it may be that the Defendant is a judge.  The Court takes notice that there is a Judge Dakota

////

3

Ramseur in New York State.[1]  If Plaintiff resides in Arkansas and is suing a New York state judge, she has almost certainly filed this action in the wrong venue.  Under 28 U.S.C. § 1391(b), venue is proper in:

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff has not alleged that Defendant resides in this District, or that any events giving rise to her claim occurred in this District.

The complaint fails to state a claim or to put Defendant adequately on notice of the claims against her.  The allegation is a conclusory assertion of a due process violation.  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Under 28 U.S.C. § 1915(e), the Court "shall dismiss the case at any time" if it fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  Plaintiff has not alleged sufficient factual

---

[1]  See https://iapps.courts.state.ny.us/judicialdirectory (last visited Jan. 13, 2026).

content to state a claim. However, given the vagueness and brevity of the factual allegations, rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege facts supporting a cognizable cause of action.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. Plaintiff must also include allegations establishing venue in this District. In addition, the amended complaint must contain a short and plain statement of Plaintiff's claims. The allegations must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way.

The amended complaint must not force the Court or the Defendant to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint should contain specific allegations as to the actions of each named defendant rather than making conclusory allegations.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein. It must plead a

5

basis for federal subject matter jurisdiction.  It must allege an adequate basis for venue in this District.  Plaintiff must also allege enough factual content in support of her claims to state a claim to relief that is plausible on its face. !

III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above.  The amended complaint must include a sufficient statement of jurisdiction and venue and comply with Rule 8.  If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

3.  Alternatively, if Plaintiff no longer wishes to pursue this action in this District, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.  Any such dismissal would be without prejudice.

SO ORDERED.

DATED:  January 14, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE